UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDWARD MIFSUD, et al.

        Plaintiffs,

    v.

TYCO VALVES AND CONTROLS, LP, et al.

        Defendants.

NO. C06-585JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion to dismiss (Dkt. # 32) from Defendant Tyco International Ltd. ("Tyco International") for lack of personal jurisdiction. The court has considered the parties' briefing and accompanying declarations and exhibits. For the reasons stated below, the court DENIES Tyco International's motion without prejudice and GRANTS Plaintiffs' request to conduct discovery on the limited question of this court's jurisdiction over Tyco International.

## II. BACKGROUND

Plaintiffs Edward Mifsud and David DiDomizio worked for Defendant Tyco Valves & Controls, LP ("TV&C") for over five years before the company terminated them, allegedly

ORDER - 1

for voicing concerns over perceived unlawful accounting practices. Plaintiffs brought suit in state court against TV&C and its parent company, Tyco International (U.S.), Inc. ("Tyco U.S."), alleging wrongful termination and breach of contract. TV&C and Tyco U.S. removed to this court on the basis of diversity jurisdiction. Plaintiffs subsequently amended their complaint to name TV&C's indirect parent, Tyco International, First Am. Compl. ¶ 1.6-1.7, and to include a cause of action under the whistleblower protection provisions of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A, Second Am. Compl. ¶ 3.3.

Tyco International, a Bermuda corporation, now moves to dismiss Plaintiffs' claims against them pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Plaintiffs assert several theories to support their contention that this court has jurisdiction over Tyco International. In the alternative, Plaintiffs request additional discovery on the question.

### III. DISCUSSION

When a defendant moves to dismiss a complaint for lack of personal jurisdiction and the court holds no evidentiary hearing,[1] the plaintiff must make a prima facie showing of personal jurisdiction to survive the motion. Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1128-29 (9th Cir. 2003). The plaintiff must provide evidence that, if believed, would support the court's exercise of jurisdiction over the defendant. Id. at 1129. The court need not accept the plaintiff's bare allegations if the defendant controverts them with evidence. See AT&T Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996). If both parties provide evidence supporting different versions of a fact, however, the court must resolve competing inferences in the plaintiff's favor. Harris Rutsky, 328 F.3d

---

[1] A preponderance of evidence standard applies where the court holds an evidentiary hearing to address personal jurisdiction. Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1284-85 (9th Cir. 1977). Neither Plaintiffs nor Tyco International requested an evidentiary hearing.

ORDER - 2

1  at 1129.  On a motion to dismiss, a court has discretion to allow a plaintiff to conduct

2  jurisdictional discovery.  Id. at 1135  (holding that district court abused its discretion in

3  denying a motion for jurisdictional discovery).

4       Here, the record is not sufficiently developed to permit the court to determine whether

5  it can exercise jurisdiction over Tyco International.  Plaintiffs have alleged this court's

6  jurisdiction over Tyco International primarily by virtue of the forum contacts of its subsidiary,

7  TV&C.  Plaintiffs have not, however, had the opportunity to conduct discovery that would

8  allow them to develop a record and make a prima facie showing of jurisdiction.[2]  The court

9  therefore grants Plaintiffs' request to conduct discovery solely on the question of whether

10  Tyco International has sufficient contacts (either direct or imputed) with Washington.[3]

11  Plaintiffs shall have **ninety (90)** days from the date of this order to conduct discovery on this

12  question.  After the expiration of this time period, Tyco International may submit a motion to

13  dismiss.  Plaintiffs should be prepared to oppose the motion or to dismiss their claims against

14  Tyco International.  The court expects counsel to cooperate in the discovery process.

15  ### IV.  CONCLUSION

16  For the reasons stated above, the court DENIES Tyco International's motion

17  (Dkt. # 32) without prejudice and GRANTS Plaintiffs' request for discovery solely on the

---

[2] The court cautions Plaintiffs that attributing a subsidiary's contacts to a parent company is the exception, not the rule.  Harris Rutsky, 328 F.3d at 1134.  Plaintiffs should not attempt to avoid application of this exacting standard by citing to out-of-circuit precedent when the Ninth Circuit has provided guidance on this question.

[3] The court denies Plaintiffs' request to conduct discovery in order to determine whether *nationwide* contacts subject Tyco International to this court's jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2).  If the court considers Tyco International's contacts with the United States based on the activities of TV&C, more than one state would appear to have jurisdiction and Rule 4(k)(2) would not apply.  See Doe v. Unocal, 248 F.3d 915, 922-23 (9th Cir. 2001) (noting that Rule 4(k)(2) only applies when a foreign defendant is not subject to the jurisdiction of any one particular state).  Plaintiffs have not given this court any indication that further discovery would suggest otherwise.

26  ORDER - 3

1 question of this court's personal jurisdiction over Tyco International. Tyco International may
2 submit a motion to dismiss on personal jurisdiction grounds after 90 days have passed from
3 the date of this order.

4    Dated this 13th day of December, 2006.

/s/ James L. Robart
_____
JAMES L. ROBART
United States District Judge

26 ORDER - 4